UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Edwin Marrero,<br><br>Plaintiff,<br><br>v.<br><br>State of Illinois *et al.*,<br><br>Defendants. | Case: 1:17-cv-00079        (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 1/11/2017<br>Description: Pro Se Gen. Civil |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. For the reasons explained below, the *in forma pauperis* application will be granted and this case will be dismissed pursuant to 28 U.S.C. § 1915A, which requires immediate dismissal of a prisoner's complaint that fails to state a claim upon which relief can be granted.

Plaintiff is a federal prisoner incarcerated at the United States Penitentiary in Bruceton Mills, West Virginia. In the prolix complaint, plaintiff names various federal and state defendants based in Illinois and Michigan. He challenges his extradition in 2000 from Michigan to Illinois to face criminal charges. *See* Compl. at 5. Plaintiff alleges, among other misdeeds, that some of the defendants "fabricated not only critical extradition evidence but also three victims to a robbery just to guarantee that the magistrate judge" would find probable cause to order extradition. *Id.* Plaintiff seeks equitable relief and monetary damages.

Following plaintiff's extradition, a jury in the U.S. District Court for the Northern District of Illinois convicted him of robbery under the Hobbs Act, 18 U.S.C. § 1951, and a firearms

1

offense. *United States v. Marrero*, 299 F.3d 653, 653-54 (7th Cir. 2002). Plaintiff's convictions have not been vacated. *See Marrero v. United States*, No. 04 C 0482, 2007 WL 914313, at *1 (N.D. Ill. Mar. 21, 2007) (denying motion to set aside conviction under 28 U.S.C. § 2255).

As the D.C. Circuit explained long ago:

> Under 18 U.S.C. § 3182, a statute which implements the Constitutional provision concerning interstate extradition, Article IV, § 2, the governor of the asylum state has for decision the legal question whether the demanded person has been substantially charged with a crime and the factual question whether he is a fugitive from justice. . . . If he resolves those questions against the prisoner, the chief executive is required by the statute to order extradition.

*Bruzaud v. Matthews*, 207 F.2d 25, 26 (D.C. Cir. 1953) (citations omitted). The U.S. Supreme Court has held that "once the governor of the asylum state has acted on a requisition for extradition based on the demanding state's judicial determination that probable cause existed, no further judicial inquiry may be had on that issue in the asylum state." *Michigan v. Doran*, 439 U.S. 282, 290 (1978). In other words, "once the accused has been brought within the custody of the demanding state, the legality of the extradition is no longer a proper subject of any legal attack by him." *Johnson v. Buie*, 312 F. Supp. 1349, 1351 (W.D. Mo. 1970). Therefore, "in respect of Civil Rights actions, it has been held that one who has been convicted of the charged offense in the convicting state cannot maintain an action for damages under the Federal Civil Rights Act against those who allegedly forcibly abducted him from an asylum state." *Id.* (citations omitted).

The instant complaint premised on the alleged unlawfulness of plaintiff's extradition proceedings in Michigan is rendered moot by plaintiff's convictions in the Northern District of Illinois of the underlying charges. *See Jackson v. Clements*, 796 F.3d 841, 843 (7th Cir. 2015) (noting that once the plaintiff was convicted of "the crime that prompted the extradition[,] . . . the claims concerning his pre-trial confinement became moot") (citations omitted); *accord Patterson*

*v. State*, No. 2:12-cv-04020, 2016 WL 675542 at *3 (N.D. Ala. Jan. 8, 2016) (citing cases). Therefore, this case will be dismissed with prejudice.[1] A separate order accompanies this Memorandum Opinion.

/s/ *[signature]*
Chief Judge

Date: January 10, 2017

---

[1] An unlawful extradition proceeding would cast doubt on the sentencing court's jurisdiction and could render plaintiff's convictions invalid. Therefore, to state a "cognizable" federal claim under the present circumstances, plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, . . . or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "*Heck* applies 'no matter the relief sought (damages or equitable relief) . . . if success in [the] action would necessarily demonstrate the invalidity of confinement or its duration.'" *Harris v. Fulwood*, 611 Fed. App'x. 1, 2 (D.C. Cir. 2015) (per curiam) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (alterations in original)). Plaintiff's convictions have been affirmed on direct appeal, and his post-conviction habeas petitions have been denied on the merits. *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (recounting procedural history). Consequently, if not for mootness, this action would be dismissed for failure to state a claim upon which relief can be granted.